W. F. WORKMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24225.    Promulgated January 18, 1929.

*A. E. James, Esq.*, for the petitioner.

*Frank S. Easby-Smith, Esq.*, and *T. M. Mather, Esq.*, for the respondent.

OPINION.

STERNHAGEN: This is a motion by petitioner for final judgment on the pleadings. Deficiencies in income tax were determined by respondent of $41.90 for 1920, $2,000.07 for 1922, $901.83 for 1923, and $519.04 for 1924, which petitioner seeks to have redetermined. He also claims that he overpaid his tax for 1920.

By his answer respondent admits the following allegations of the petition:

(a) During the year 1898 and on or about January 20th in the said year the petitioner entered into a certain contract of agency to represent the Franklin Life Association of Springfield, Illinois, in which contract it was provided,

among other things, that from and after the date thereof the petitioner should receive from the said company one-half of the expense loading contained in the gross premiums on policies of insurance thereafter issued by the company, and, in addition thereto, one-half of the net savings or profits to the company on all non-participating policies. It was further provided in the said contract that the insurance company would pay to petitioner on all policies written thereunder the amounts therein stipulated when collected, so long as such policies should remain in force, irrespective and regardless of the termination of the said contract or of the association of the said petitioner with the said Franklin Life Association under said contract, whether such association should be terminated by death, mutual consent or otherwise.

(b) Thereafter and from time to time said contract was modified in certain particulars with reference to insurance to be written after the dates of the said modifications, and on December 31, 1906, the said contract as to future insurance was terminated by mutual consent.

(c) Upon the termination of said contract it was specifically agreed by the petitioner and the Franklin Life Association (then and at that time the Franklin Life Insurance Company) that the company, notwithstanding the said termination of said contract, would pay to the petitioner all renewal commissions and other moneys to which he should become entitled on account of insurance issued under the contract of January 20, 1898, and the addenda, amendments and modifications thereof.

(d) At all times from the date of the said contract and the amendments thereof, the said Franklin Life Association and the said Franklin Life Insurance Company, its successor, duly paid to petitioner various and sundry sums pursuant to the said contract, its amendments and addenda, and is continuing so to do, but at no time after January 1, 1907, was any insurance written under the said contract but the payments thereunder thereafter received by petitioner were paid according to the terms of the said contract and by virtue of its provisions and for no other reason.

(e) At March 1, 1913, after making due allowance for anticipated lapses of policies then in force, the reasonably anticipated payments to petitioner on account of insurance written under the aforesaid contract amounted to a gross sum of $156,176.22, of which the anticipated payments for the year 1920, after making the said allowance, were in the amount of $11,500.99; for the year 1922 were in the amount of $8,302.49; for the year 1923 were in the amount of $6,397.00; and for the year 1924 were in the amount of $4,559.96.

(f) The present value at March 1, 1913, of the amounts so anticipated to be paid in the years 1920, 1922, 1923 and 1924 were $7,648.81, $4,914.23, $3,572.05 and $2,402.13, said amounts being the anticipated amounts as hereinabove set forth, discounted at the rate of 6% to the anticipated date of payment.

(g) In and for the year 1920 petitioner received, in pursuance of the terms of said contract, the sum of approximately $13,000.00; for the year 1922 the sum of $9,089.54; for the year 1923 the sum of $6,705.52; and for the year 1924 the sum of $4,277.68.

(h) In rendering his return of income to the Collector of Internal Revenue for the year 1920, petitioner included in taxable income the said amount received as above, and in and for the years 1922, 1923 and 1924 petitioner did not include in his returns the amounts received as above set forth.

(i) Thereafter the Commissioner of Internal Revenue caused an examination to be made of petitioner's tax liability in and for the years 1920, 1922, 1923 and 1924, and determined as to the years 1922, 1923 and 1924 that petitioner's net taxable income should be increased by the said amounts of $9,089.54, $6,705.52

and $4,277.68; and for the year 1920 determined that petitioner was not entitled to exclude from income the said amount of approximately $13,000.00 or any part thereof and has correctly returned his income by including said amount in full in his return.

(j) Thereafter the Commissioner duly transmitted to petitioner a letter dated December 17, 1926, wherein he set forth deficiencies resulting from the said additions to taxable income in and for the years 1922, 1923 and 1924, and a deficiency for the year 1920 in the amount hereinabove set forth.

The following allegation is denied by respondent:

(k) The fair market value as of March 1, 1913, of the said contract entered into, as hereinbefore set forth, was $114,016.69 and the reasonable allowance for the exhaustion thereof—

for the year 1920 was $7,648.81
"    "    "   1922   "    4,914.23
"    "    "   1923   "    3,572.05
"    "    "   1924   "    2,402.13

which said amounts the petitioner is lawfully entitled to take as a deduction in determining net taxable income in and for each of the said years.

The only argument made by respondent is as to the significance of his admission. He contends that his admission of paragraph (f) can not be construed as more than an admission that petitioner on March 1, 1913, hoped for the coming payments and that the " present value " is only a mathematical application of a discount to the assumption that the hope would be realized. For this view he urges a definition of the word " anticipate " which in our opinion hardly supports the narrow meaning contended for. Furthermore, when the word has been used in law as applied to income it has meant rather the treatment of future income as if it had come to hand or were assured, premature possession. This we think is the fairly clear meaning of the word as used in the petition. Certainly the " anticipated lapses of policies " does not mean the " hoped for " lapses, and likewise the " reasonably anticipated payments " does not mean merely the hoped for payments—especially with the word " reasonably " added.

We think respondent has admitted that on March 1, 1913, petitioner by virtue of his contract was in possession of a right to receive payments in the taxable years as set forth in (e) and that the value of such right on that date was as set forth in (f).

*Woods* v. *Lewellyn*, 252 Fed. 106; *Edward S. Jones*, 6 B. T. A. 1048; and *J. Noble Hayes*, 7 B. T. A. 936, presented similar situations and in each it was held that the amounts received after March 1, 1913, pursuant to a contract made and performed by petitioner before that date were income in their entirety. *Platt* v. *Bowers*, 13 Fed. (2d) 951, took that as settled. The cases cited by petitioner deal with contracts different in their nature, which on March 1, 1913, fixed in petitioner a clear and definite property representing an

investment such as a leasehold, patent, mine, promissory note, and not the mere right to receive income for services. Here there was no exhaustion of property used in trade or business, whether by lapse of time, as in the case of a leasehold or patent, or by use or disposition as of a building or a mine, but instead a coming to fruition of the gains derived from labor—income in an ordinary sense. Because such gains were expected on March 1, 1913, and the expectation was susceptible of appraisement, does not give them the nature of capital, despite a similarity in the method of valuation to that sometimes applied to capital.

Petitioner's motion is denied, and

*Judgment will be entered for the respondent.*